# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**JEFFREY SCOTT YOUNG**                                                          **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 5:19CV-P120-TBR**

**RONNIE FARES** *et al.*                                              **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Jeffrey Scott Young filed the instant *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the complaint.

**I.**

Plaintiff is a convicted inmate at the Fulton County Detention Center (FCDC). He sues FCDC Lieutenant Ronnie Fares in his individual and official capacities. In the case caption, Plaintiff also lists "Fulton County Detention Center Officers" as Defendants.

Plaintiff states that he "was in a protective custody cell, (supposedly) & I was having issues with a couple of people in there." He states that he gave a note to a nurse to hand to Defendant Fares asking "to move me out of that cell and please don't send me across the walk from that cell to one of the other protective custody cells thats only not even five fee away, cause people in the cell I moved from can send letters, & go out to recreation with the cell he put me in." Plaintiff continues, "The people can have the other people hurt me, and take my commersary from me. Not even 24 hrs later I had two people come to me saying I owe Commersary to next door, so I had to give up $25.00 to stay in that cell." He states that "a month later I got into a fight cause I believe of the people in the old cell I was in. So, now I'm in

the (hole) segregation for protecting myself for telling them people I'm not coming off no more commersary." Plaintiff further asserts, "Now, I'm feel like I'm going to get punish for something I been trying to prevent not to happen. My life is in danger here, time is harder here, got to look over my shoulders." He states, "I am mentally beat down, & my neck & back is severely hurting from the fight that shouldn't took place, if Lt. Ronnie Fares would've listen to me."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be

held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

### A. Commissary

Plaintiff alleges that his move to the second protective custody cell caused him to have to "give up" money from his commissary account. The Court construes the allegations as a claim for deprivation of Plaintiff's property in violation of the Due Process Clause of the Fourteenth Amendment. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. (1986). In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Accordingly, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### B. Failure to protect

Plaintiff also alleges that a month after he was placed in the protective custody cell he got into a fight. The Court construes this as a claim for failure to protect. As a general principle, a prison official has a duty under the Eighth Amendment to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id*. at 828. A prison official cannot be found liable for failing to protect an inmate unless "the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id*. at 837.

Plaintiff states that the fight occurred a month after he was moved into the cell, and he does not indicate that he complained to Defendant Fares or any other jail personnel of fear for his safety during that month. The Court finds that Plaintiff has failed to show that Defendants knew of a substantial risk of serious harm to Plaintiff due to the passage of a month from Plaintiff's request to avoid the protective custody cell in which he was placed before the alleged incident. *Scott v. Odmark*, No. 95-1985, 1997 U.S. App. LEXIS 3400, at *6-7 (6th Cir. Feb. 20, 1997) (affirming district court's finding that it was reasonable for Defendant not to perceive risk of serious harm to the plaintiff where altercation with other inmate had occurred five days prior to the alleged incident); *Blacker v. Satterthwaite*, No. 1:08-cv-874, 2011 U.S. Dist. LEXIS 145720, at *21 (Oct. 14, 2011) ("[T]he passage of time can indeed eliminate proof of causation in a

failure to protect claim."). Consequently, this claim will be dismissed for failure to state a claim.[1]

**C. Placement in segregation**

Plaintiff also states that he is in "segregation for protecting myself." This could be construed as a claim for denial of due process under the Fourteenth Amendment. According to *Sandin v. Conner*, 515 U.S. 472 (1995), a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of his sentence." *Id*. at 487. Courts generally consider the nature and duration of a stay in segregation in determining whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008). The Sixth Circuit has held that mere placement in administrative segregation, and placement for a relatively short period of time, do not require the protections of due process. *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (holding 61 days in segregation is not atypical or significant).

Here, nothing in the complaint suggests that Plaintiff's placement in segregation constitutes an "atypical and significant hardship" warranting the protections of due process. *See Dunbar v. Barone*, 487 F. App'x 721, 724-725 (3d Cir. 2012) (holding 18 months in segregation did not amount to atypical and significant hardship); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (holding seven months in disciplinary confinement did not implicate a protected

---

[1] The Court notes that Plaintiff states that his neck and back are hurting from the fight. However, he does not name any medical personnel as Defendants and does not allege that he is being denied medical treatment. Therefore, the Court does not construe the complaint as alleging deliberate indifference to his serious medical needs.

liberty interest); *Griffin v. Vaughn*, 112 F.3d 703, 705-07 (3d Cir. 1997) (holding 15 months in segregation was not an atypical and significant hardship). Accordingly, this claim will be dismissed for failure to state a claim upon which relief may be granted.

      The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: December 18, 2019

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendant Fares
      Fulton County Attorney
4413.010